Jones, Oliver B., J.
This action was brought as the result of a collision between a street car, on which plaintiff was riding, and an automobile, belonging to the defendant, in which she was riding. The facts are unusual in that an occupant of the street car rather than of the automobile was injured.
This collision occurred about noon on May 16, 1914, on McMillan street, at its intersection with Alms Place. The street car was an open, summer *20 car, with a step or running board along its right-hand side, on the front end of which plaintiff was standing. The street car was running westwardly on the north track, and the automobile came east along the south side of McMillan street from Park avenue and turned north across the tracks toward Alms Place, slowing down before passing over the tracks and proceeding into Alms Place, in order to permit two automobiles to pas's, one following the other rapidly westward along the north side of McMillan street. The running board of the street car came in contact with the rear part of the automobile, and a- portion of the running board, six or seven feet in length, on which plaintiff was standing, was ripped -off and he fell to the street and received severe injuries. The rear fender or mudguard of the automobile was struck and bent or smashed, and a dent was made' in the wooden body, and the automobile was pushed or shunted ten feet or so toward -the west -curb of Alms Place.
The evidence clearly shows that the automobile arrived at the crossing first and that it was under the -control of its driver.and had almost stopped before it was started up to cross the north track. It appears that plaintiff, who was an inspector of The Cincinnati Traction Company, and Mr. Wickersham, who was a division superintendent for the same company and at the time -of the accident was sitting on the brake wheel on the front platform of the same car, with the motorma-n, were both on their way -to the -scene of a fire in the city, that the street car, just prior to the collision, was running as fast if not faster than usual, and that the motorman did not slacken the car as he approached *21 Alms Place until he was so near -that' he saw the collision was unavoidable, when he reversed the car and it stopped; but it was not until after the collision and it had- passed beyond the west line of Alms Place.
The trial resulted in a verdict and judgment for defendant. Plaintiff in error seeks to secure a reversal of that judgment.
The errors relied upon by plaintiff in error relate to the charge of the court. It is contended that ■in the general charge the court misstated the issue, in practically stating that the issue was whether the plaintiff was injured through the negligence of the defendant by means of the automobile or through the negligence of the m-otorman in operating the car on which ¡plaintiff was then riding. This, of course, was not the direct issue, for as .a matter of law he might have been injured by the negligence of neither, or as the result of his own negligence. . But -any error found in this respect is not to the -prejudice of plaintiff, but rather to that of defendant. Generally speaking, when two vehicles collide at a street intersection, as in this instance, it is usually the fault of one or the other, possibly of both, of the drivers. Defendant could not be held liable unless 'the injury was caused by her negligence or that of her driver.
Plaintiff in error also complains that the special charges which the trial court gave to the jury at defendant’s request contained undue repetitions of the same -legal propositions, in such a manner as to give them improper emphasis, and that the giving of such charges therefore constituted reversible error. ■ These special charges were given *22 to the jury before argument, as authorized under the fifth clause of Section 11447, General Code. They were ten in number, and while in stating necessary facts there was some repetition, yet none of them is unnecessarily long or involved, and each seems to have been directed to specific propositions. Counsel might possibly have reduced the number of these charges and still have covered all ■the ground., Unnecessary repetitions with little variation are reprehensible and not allowable, but we can not say that the rule laid down in American Steel Packing Co. v. Conkle, 86 Ohio St., 117, has been violated, or that defendants right to special charges was unreasonably exercised; or that the court abused its discretion in giving them. It is not contemplated that any one special charge should cover every branch of a case. Swing, Trustee, v. Rose et al., 75 Ohio St., 355, 369.
The giving of defendant’s special charge 2 is claimed as error. It is in the following words:
“The court instructs you that ' if you find that the automobile of the defendant arrived at the crossing at Alms Place and McMillan street in advance of the street car on which the plaintiff was riding, then the driver of said automobile of defendant had the prior right to cross and in so doing the said driver could assume that the street car would approach the crossing in a careful and prudent manner and that it was under proper control.”
The law stated in this charge is supported by Mansfield Ry., L. & P. Co. v. Kiner, Admx., 2 Ohio App., 82; West, Recr., v. Gillette, 22 C. C., *23 N. S., 369, and Steubenville & Wheeling Trac. Co. v. Brandon, 87 Ohio St., 187.
This charge does not pretend to be determinative of the ease, or.to state all of the law involved, but only as to one of the issues. Error can not be predicated upon its failure to contain all of the law of the case. Cincinnati Interurban Co. v. Haines, 8 C. C., N. S., 77.
We find no error in the record to the prejudice of the plaintiff in error.

Judgment affirmed.

Jones, E. H., P. J., and Gorman, J., concur.