## LIABILITY FOR INJURY TO A PASSENGER IN AN AUTOMOBILE IN COLLISION-

### Common Pleas Court of Hamilton County.

MARY L. RUSKAMP VS. THE CINCINNATI TRACTION COMPANY,

Decided, December, 1919.

*Negligence—Of the Driver of an Automobile—May not be Imputed to an Injured Passenger, When—Not Error to Repeat in General Charge Principles set Forth in a Special Charge—Where Emphasis is not Given to One View of the Case.*

The plaintiff, having informed the owner of an automobile, who boarded with her, that she intended to go marketing, was invited to ride in the automobile with him as he was going in the same direction on his own business. The owner drove the automobile and the plaintiff rode on the front seat beside him but took no part in the operation of the automobile. A collision took place between the automobile and a street car in which the plaintiff was injured. *Held:*

1. That the negligence of the driver of the automobile could not not be imputed to the plaintiff.

2. That stating in the general charge rules of law already stated in a special charge, but without referring to the special charge, was not error where no special theory of the evidence was emphasized and the law favorable to the respective parties was given equal prominence in the manner of its statement and repetition.

*Galvin & Bauer,* for plaintiff.
*Sherman T. McPherson,* for defendant.

MATTHEWS, J.

The plaintiff recovered a verdict against the defendant for damages on account of personal injuries, and the case now comes before the court upon the motion of the defendant for a new trial.

The evidence disclosed that the plaintiff conducted a rooming and boarding house in a suburb of Cincinnati; the house was

*Error not prosecuted.

owned by one, Smith; the plaintiff rented the house from him, and Smith boarded with her. Smith owned an automobile, and on the occasion in question having some business in the center of the city to attend to, and hearing the plaintiff say that she had to go to market invited her to ride with him in his automobile. Smith drove the automobile without any direction or control on the part of the plaintiff, and when they reached Seventh and Vine streets a collision took place between the automobile and the defendant's street car. The plaintiff was injured, and this action was brought on account of those injuries.

The defendant urges two grounds upon which it claims a new trial should be granted:

First. That the court erred in charging that the driver's acts could not be imputed to the plaintiff. In this charge the court followed the rule announced in the recent case of *Toledo Rwy. & Light Co.* v. *Mayers*, 93 O. S., 304, and *Commissioners* v. *Bicher, Admx.*, 98 O. S., 432.

In the opinion of the court the evidence in the case at bar disclosed without contradiction that the plaintiff was the mere guest of the driver of the automobile, and therefore was not chargeable with any negligence that may have been committed by him.

In the last cited case the court at page 436, in explaining the first cited case says:

"In that case where a guest of the owner and driver was injured it was held that the negligence of the driver of an automobile which comes into collision with the street car, is not imputable to the guest, although the guest is required to exercise ordinary care for his own safety and to reasonably use his faculties of sight and hearing to avoid danger instant to crossing the track. But it is the function of the jury to determine from the facts shown in each case whether the injured "person used such care, and what care the circumstances required."

In the case at bar the court did instruct the jury that the plaintiff was required to use ordinary care, and in defining ordinary care as applied to the plaintiff charged:

"Ordinary care as applied to the plaintiff means such care as persons of ordinary care and prudence observe when riding

in automobiles as guests of the driver, at street intersections in the street to avoid danger and injury to themselves arising from the street car on tracks in the streets at said intersection."

And, also

"While the negligence, if any, of the driver of the automobile can not be imputed to the plaintiff, it was her duty personally to exercise ordinary care for her own safety as distinguished from any act on the part of the driver of the automobile. She, of course, was not required to exercise the same watchfulness as the driver of the automobile to avoid danger, but she could not rely implicitly on the care of the driver. When and if in a position to see and apprehend danger, if any, it was necessary for her to exercise ordinary care for her own safety, and if she did not do so, and in consequence of her failure to exercise such care she was injured, she can not recover, even though the defendant was guilty of negligence as claimed by the plaintiff and such negligence contributed to produce the injury."

Second. It is urged that the court erred in repeating the law applicable to imputed negligence. At the request of the plaintiff the court gave a special charge upon the subject of imputed negligence. In its general charge in charging the jury on the rights of the parties, the court perforce was required to and did touch upon the doctrine of imputed negligence, in charging on the subject of the drivers sole negligence being the proximate cause of plaintiff's injury.

At the conclusion of the general charge plaintiff's counsel requested the court to explain the meaning of the word "imputed" that had been used by the court, and in response to that request the court did again refer to the subject of imputed negligence. But in every instance in its general charge when the court touched upon the subject of imputed negligence, it, at the same time charged the jury that in the event it found that the driver's negligence was the sole proximate cause of the collision, then the plaintiff could not recover. In other words, the court in withdrawing from the consideration of the jury the subject of imputed negligence always coupled it with the statement that if the jury found that the driver's negligence was the sole cause of the collision, then their verdict must be for the defendant, because in that event it would have been found

that the defendant's negligence was not the cause of the collision.

In the opinion of the court the defendant suffered no prejudice by the repetition in this way of the law applicable to imputed negligence in conjunction with phases of the law favorable to the defendant, nor was it thereby emphasized or given undue prominence. Counsel refers in support of his position on this point to the case of *Cincinnati Traction Co.* v. *Nellis*, 81 O. S., 535. An examination of that case discloses that the ground of reversal was that the court erred in giving a certain special charge. The case was not reversed because of repeating the law in the general charge that had already been given in a special charge. The court does say that in that case undue importance was given to certain features of the case by repetition, but does not reverse the case on that ground. Furthermore, an examination of the record of the case will show that the parts repeated were applications of law to specific features, or theories, of the facts of the case.

The charge in the case at bar is not open to that objection for the reason that in the respect in which it is criticised all the court did was to instruct the jury that under the law the negligence of the driver of the automobile could not be charged against the plaintiff, and that if it found that the defendant was guilty of negligence proximately contributing to the collision, then the negligence on the part of the driver would not prevent a recovery by her; and in all instances immediately stated the rule favorable to the defendant, that if the collision was caused solely by the negligence of the driver then the defendant not being negligent, the plaintiff could not recover.

It has been the uniform practice in this state to make the general charge of the court cover every element of the case, so that the jury would have the benefit of a complete, logical and consecutively stated rule to guide it in its deliberation. Upon examining the record in the case of *Byal* v. *Bahl*, 90 O. S., 129, which affirmed the judgment of the common pleas court, we find the trial judge expressly stated to the jury that the special charges and the general charge, would be to a large extent duplicate statements of the law. The language used was:

"It may be possible some of these are practical duplicates of what will be given in the general charge, as they are recognized and established principles of law by courts of last resort and they may be in the identical language as in the general charge to be given at the close of the case, but you will take all of them as the law which governs you."

It will be found that the special charges covered practically every feature of the case, and that the court in its general charge likewise instructed the jury on the law applicable to every phase of the case. This, as the court understands it is the common practice so far as general charges are concerned, and unless some particular element of fact or theory of the evidence as distinguished from a rule of law is emphasized to the prejudice of the losing party, no error has been committed. If the rules of law and theories of the evidence favorable to both sides are repeated and emphasized equally, no prejudice results to either party.

In discussing this subject the circuit court in the case of *Rupp* v. *Shaffer, Admr.,* 21 C. C., 643, at 650 and 651, says:

"We do not mean to say that the court having given the special charges as requested is prevented from treating of the same subject in its general charge, but it is manifestly contrary to the statute for the court having read the special charge. to proceed orally to qualify, modify or in any manner explain the particular special charge to the jury, as was done in this case."

It is not the repetition of the law that lays a charge open to objection. It would be difficult to find a charge in which there was not some overlaping and repetition. It is only where the court repeats and emphasizes one side of a case without a corresponding repetition and explanation of the other side that the charge is open to objection. No such one-sided emphasis exists in the charge given in the case at bar. It is not open to the criticism that was made to the action of the court in *American Steel Packing Co.* v. *Conkle,* 86 O. S., 117, in which ten special charges were given all emphasizing one proposition favorable to the defendant without an equal repetition of propositions favorable to plaintiff.

Other cases in which the objection was raised and overruled, that the court repeated certain propositions of law in special and general charges, are: *Smart* v. *Nova Cesaria Lodge*, 6 C. C (N. S.), 15, affirmed without report, 73 O. S., 387; *Railway Company* v. *Moreland*, 12 O. C. D., 612, and affirmed without report, 60 O. S., 604; *Traction Company* v. *Baron*, 2. N. P. (N. S.), 633; *Curlis* v. *Brown*, 9 Oh. App., 19, at 22.

In the opinion of the court no error prejudicial to the defendant was committed, and its motion for a new trial is therefore overruled.