### ADAMS *v.* HARVITT.

(Decided April 10, 1922.)

*Mr. Alfred J. Croll,* for plaintiff in error.
*Messrs. Calkins, Storey & Nye,* for defendant in error.

CHITTENDEN, J. This is an action to recover damages growing out of a collision between an automobile belonging to the plaintiff, James A. Adams, driven by his wife, and an automobile owned and driven by the defendant, Newton K. Harvitt. The automobile of the plaintiff was being driven in a southerly direction on Thirteenth street. The automobile of the defendant was being driven in an easterly direction on Adams street. The plaintiff alleges that as the automobile of the plaintiff was entering the intersection of the two streets, the driver looked in a westerly direction a distance of some 175 feet and saw no automobile approaching. She thereupon proceeded to cross Adams street, and while upon the southerly side of the two street car tracks upon Adams street she observed the defendant approaching from the west at a rate of speed in excess of 30 miles an hour, and that although she endeavored to increase the speed of her car in order to escape a collision she was unable to do so, and the automobile of the defendant struck the rear portion of plaintiff's automobile, causing the damages complained of. The defendant denies all acts of negligence on his part and alleges that he approached the intersection of Adams and Thirteenth streets at a rate of speed of 10 or 12 miles an hour, and that the plaintiff's automobile was approaching the intersection at substantially the same time at about the same rate of speed; that an ordinance of the city of Toledo provided that under such conditions he had the right of way across the intersection, by reason of the fact that he was approaching the intersection from the right of the driver of plaintiff's automobile; that as he entered the inter-

section plaintiff's automobile swerved towards the east, as though intending to proceed easterly on Adams street, but that instead of so doing its driver circled directly in front of the defendant, and, although he applied his brakes and made every endeavor to stop his car, he was unable to avoid the collision. It should also be stated that this collision occurred at about 4 o'clock in the afternoon of the 4th day of February, 1921, and that there was a slight rain, causing the streets to be wet and slippery. The jury returned a verdict in favor of the defendant, upon which judgment was duly entered.

Plaintiff in error asks a reversal of the judgment on the ground that the trial judge refused to give certain written instructions before argument requested by the plaintiff, and because the judgment is not sustained by sufficient evidence. Written instruction No. 1 was as follows: ''The court instructs you that if you find that the automobile of the plaintiff arrived at the crossing of Adams and Thirteenth streets in advance of the automobile which defendant was driving, then the driver of the automobile of plaintiff could assume that the automobile of defendant would approach the crossing in a careful and prudent manner and that it was under proper control.''

We find that the court was justified in declining to give this instruction for the reason that it does not take into account any of the conditions disclosed by the evidence. The instruction requested, if given a literal interpretation, would give to the driver of an automobile who approached a street intersection the right to proceed across the intersection if he arrived at the intersection first, even

though he was approaching from the left and had reached the crossing only a few seconds in advance of a machine approaching from the right; or, to state it differently, if he had reached the intersection when the machine approaching from the right was within a very few feet of the intersection and so near that a collision would be inevitable if both parties proceeded at the rate of speed they were then traveling. We are aware that this written instruction is very similar to an instruction that was approved by the Court of Appeals of Hamilton county in the case of *Curlis* v. *Brown,* 9 Ohio App., 19. We do not deem it necessary to criticise the decision in that case, for the statement of facts discloses a situation quite different from that in the case at bar. In the Hamilton county case the plaintiff was a passenger on a street car, and had no control or direction of the vehicle, and there was no question of contributory negligence as between drivers of colliding vehicles. Neither does it appear that there was any ordinance purporting to apply to vehicles approaching street intersections at substantially the same time. The facts being so dissimilar, we are unable to say that we find our decision in this case to be in conflict with the judgment of the Court of Appeals of the First Appellate District, as announced in the case cited.

Request No. 2 is clearly erroneous, as it in substance tells the jury that a driver, who by law has the right of way across a street intersection, is only entitled to such preference in case he arrives at the crossing first. Of course, the purpose of the ordinance of the city of Toledo was to determine who had the right of way when two vehicles approached intersecting streets at substantially the same time.

Request No. 3 was properly refused for the reason that it instructs the jury that the driver of an automobile at intersecting streets has the right to assume, upon arriving first at the crossing, that the machine which he sees approaching would be so handled that he can cross ahead of it without danger of a collision. This would authorize the driver of an automobile, although he sees a car approaching at a high rate of speed, to deliberately drive into imminent danger of a collision, upon an assumption which he would have no right to entertain in view of a situation apparent to his sense of sight. This court had occasion to discuss the Toledo ordinance in this respect in the case of *Lasalle & Koch Co.* v. *Tucker,* decided by this court December 5, 1921, and found in volume 23, unreported opinions of this court, page 163.

We find that in the use of the following language, the jury were correctly instructed in the general charge concerning the application of the ordinance of the city of Toledo giving the right of way to vehicles approaching on the right at street intersections:

"This ordinance is a law of the City of Toledo and a violation thereof is negligence as a matter of law, just as a violation of a statute of the state is in itself negligence.

"Both of these parties, Mrs. Adams driving plaintiff's car, and defendant driving his own car, had an equal right to use the streets of the city, and it was the duty of each to exercise ordinary care toward the other.

"Each had the right to approach the intersection of Thirteenth street and Adams street and in so do-

ing it was the duty of each to exercise ordinary care for the safety of the other; and if you find from the evidence that these automobiles so driven by Mrs. Adams and the defendant, approached this street intersection at or about the same time and in such manner as that, in the exercise of ordinary care, one or the other of them would have yielded the right of way to the other and that their relative situation and the circumstances were in other respects equal, then and under such circumstances, defendant by virtue of the terms of this ordinance had the right of way. Did Mrs. Adams, driving plaintiff's automobile, violate this ordinance? What the situation was, what the facts were, is for you to say and to determine from the evidence.

"If you find the truth to be that the automobile of plaintiff, driven by Mrs. Adams, and the automobile of defendant, driven by himself, approached the intersection of 13th and Adams streets, at or about the same time, and that the situation of the defendant and Mrs. Adams and the circumstances were such as that, in the exercise of ordinary care Mrs. Adams, driving the automobile of plaintiff, would have yielded the right of way to the automobile driven by the defendant, and she failed to do so, and such failure on her part was the direct and proximate cause of the collision and the alleged consequent injuries and damage claimed by plaintiff to have been sustained, then and in such case, if you so find the facts to be, your verdict should be for the defendant.

"But if under the law and the evidence you do not so find the facts to be and do find that Mrs. Adams was upon said 13th street at its intersection

with Adams street and the circumstances were such, and the relative situation at said time of defendant operating his automobile, and of Mrs. Adams operating the automobile of the plaintiff was such that defendant in the exercise of ordinary care would have permitted and allowed Mrs. Adams, so operating the automobile of plaintiff, to proceed at said intersection of 13th and Adams streets, then and in such case, Mrs. Adams, operating the automobile of plaintiff, would have had the right to so proceed.''

We have read all the evidence disclosed in the bill of exceptions, and find it to be in direct conflict on many of the essential facts in the case. We are unable to say that the verdict is not sustained by sufficient evidence. Indeed, the evidence is in such conflict that, had the jury seen fit to return a verdict in favor of the plaintiff, we could not have found that such verdict was not sustained by sufficient evidence. However, these facts were for the determination of the jury, and a reviewing court is not justified in reversing the judgment as not being sustained by sufficient evidence unless such verdict and judgment are clearly and manifestly against the weight thereof.

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

RICHARDS and KINKADE, JJ., concur.